BAYARD, (LOMBARD v.) See Case No. 8,-469.

---

## Case No. 1,132.

### BAYARD v. MANDEVILLE et al.

[4 Wash. C. C. 445.][1]

Circuit Court, D. New Jersey. Oct. Term, 1824.

FEDERAL COURTS—FOLLOWING STATE PRACTICE.

The rule of the supreme court of New Jersey, made in 1805, that after a cause has slept on the docket for twelve months, a term's notice of trial must be given, never having been adopted by this court, is not obligatory on the practice here.

[At law. Action of ejectment by Bayard against H. Mandeville and N. Mandeville.]

This cause being noticed for trial, Elmer, for the defendants, objected to the notice, 1. That it is signed by Griffith, as counsel, and Kinzey, attorney, in place of R. J. Coxe.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

2. Because this cause having slept for more than a year, a term's notice ought to have been given, according to the English practice, as well as the practice of the supreme court of this state; whereas this notice is dated on the 11th of last month.

Griffith, for the defendant, stated that he was the attorney as well as counsel of the plaintiff, and insisted that his signing the notice, in the latter character, is immaterial. As to the other objection, he denied that the practice of the supreme court existed until 1805, when a rule to the effect stated, was made by that court.

BY THE COURT. The rule of the supreme court having been made long since the year 1790, it of course could not have been adopted by this court, nor has the practice of this court ever conformed to it. As to the first objection, it is altogether untenable.

NOTE, [from original report.] The court made a rule, that where a cause has slept for eighteen months, notice of trial must be served sixty days at least before the sitting of the court to which it relates.